COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Garrison Christopher McCoy v. The State of Texas

Appellate case number:   01-19-00664-CR

Trial court case number:  1397912

Trial court:             230th District Court of Harris County

Appellant's brief was due originally on January 6, 2021. On January 22, 2021, the Clerk of this Court notified appellant that his brief was late and, absent a satisfactory response within 10 days, the Court might be required to order the trial court to conduct a hearing pursuant to Texas Rule of Appellate Procedure 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant has not responded.

Rule 38.8(b) provides that in a criminal case, an appellant's failure to file a brief does not authorize dismissal of the appeal or consideration of the appeal without briefs, unless the trial court first finds that the appellant (1) no longer desires to prosecute the appeal, or (2) is not indigent but has not made the necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(1), (4). Therefore, we abate this appeal and remand the cause to the trial court for further proceedings pursuant to rule 38.8(b).

The trial court shall immediately conduct a hearing at which the appellant and a representative of the Harris County District Attorney's office shall be present.[1] The court coordinator for the trial court shall set a date for the hearing and notify the parties, including appellant. We direct the trial court to make appropriate written findings of fact and conclusions of law and sign any necessary orders on these issues:

---

[1]     If he is now incarcerated, appellant may appear by closed-circuit video teleconference. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.

1) Whether appellant wishes to pursue this appeal;
2) If so, whether appellant's counsel has abandoned the appeal;
3) If so, whether appellant is now indigent and entitled to appointed counsel, and, if indigent, appoint appellate counsel at no expense to appellant; and
4) If appellant is not indigent and his counsel has abandoned the appeal:
   a. admonish appellant regarding the dangers and disadvantages of self-representation, and determine whether appellant has waived his right to counsel knowingly and intelligently and, if so, obtain a written waiver of the right to counsel; or
   b. if appellant does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney, which shall be no later than 30 days after the date of the hearing.

*See* TEX. CODE CRIM. PROC. art. 1.051(a), (c), (d)(1), (f), 26.04; TEX. R. APP. P. 38.8(b).

The trial court's findings and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this **Court no later than 30 days from the date of this order**. The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court **no later than 30 days from the date of this order**. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court **no later than 30 days from the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record compliant with this order are filed with the Clerk of this Court.

It is so ORDERED.

Judge's signature: _____/s/ Veronica Rivas-Molloy_____
                                Acting individually


Date: February 9, 2021